IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CRIMINAL NO. 3:25-mj-02290-MAT |
| v. § | |
| § | |
| NARALI AREVALO-CASAY, § | |
| § | |
| Defendant. § | |
| § | |

## UNITED STATES' TRIAL MEMORANDUM REGARDING THE *MENS REA* ELEMENT OF 50 U.SC. § 797

The United States of America, by the U.S. Attorney for the Western District of Texas (WDTX), and the undersigned Assistant U.S. Attorney, respectfully files this memorandum of law and facts regarding the proof required to prove the culpable *mens rea* for the statute charged, "Penalty for violation of security regulations and orders," Title 50 U.S.C. § 797. The statute contains, as its *men rea,* the term, "willfully."[1] As proscribed in the statute, to prove the defendant acted "willfully," does not require proving actual knowledge by the defendant that the land alleged in the above styled Information is military land, or that the land was reassigned to the Department of Defense.

### DEFINITION AND PROOF OF "WILLFULLY"

Persons are not free to enter a U.S. Army installation without authorization. Doing so with culpable intent exposes the trespassers to criminal liability. Congress has enacted multiple statutes safeguarding the physical integrity of military areas and punishing those who would breach it. The

---

[1] "Whoever willfully violates any defense property security regulation shall be fined under Title 18 or imprisoned not more than one year, or both." 50 U.S.C. § 797(a)(1).

relevant statute herein, 50 U.S.C. § 797, subjects a violator to misdemeanor penalties: "[w]hoever willfully violates any defense property security regulation".[2]

In the Fifth Circuit, historically, the usual definition of "willfully" as a mental state element of an offense charged has been:

> 1.43 of the Fifth circuit Pattern Jury Instructions (2024)): "[t]he word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law."

Significantly, this standard definition is still an acceptable explanation of willfulness. Notably, the traditional and still relevant instruction, does not define or explain the "something the law forbids." Specifically, here, it does not impose the knowledge that the property on which the defendant is standing, or through which defendant traveled, is reserved and owned as a defense security area. Thus, the definition subsumed in the requisite mental state does not specifically require the forbidden law violated to be a "defense property security regulation," rather it only requires a generic knowledge on the part of the defendant that they are doing something the law forbids. The willfulness standard may be proved circumstantially. As authority provided below will show, with very few exceptions, the courts do not require awareness of the specific violation, rather they require only proof that the defendant's actions were, "purposeful, intentional conduct," showed "indifferen[ce] to the requirements of the law," "or merely were a "*conscious, intentional, deliberate, voluntary decision*." *See* authority recited infra.

Additionally, the Courts of Appeals have held that, as with most *mens rea* requirements, the Government can prove the requisite mental state through either direct evidence or circumstantial evidence. The government "may also prove the "willfulness" of Rodriguez's actions

---

[2] There are numerous areas in the El Paso, Texas area that are military areas of which access is restrict restricted, including Ft. Bliss.

through the use of circumstantial evidence." *United States v. Rodriguez*, 132 F.3d 208, 212 (5th Cir. 1997). *See also, Edwards v. United States,* 334 F.2d 360, 364 (5th Cir.1964), *cert. denied,* 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1965); McFadden v. United States., 576 U.S. 186, 192, 135 S. Ct. 2298, 2304, 192 L. Ed. 2d 260 (2015); Staples v. United States, 511 U.S. 600, 616, 114 S. Ct. 1793, 1802, 128 L. Ed. 2d 608 (1994); Clark v. Arizona, 548 U.S. 735, 735, 126 S. Ct. 2709, 2710, 165 L. Ed. 2d 842 (2006)

There is no authority that specifically defines the meaning of "willfully," with regard to this statute, Section 797, however, a plethora of case law, including U.S. Supreme Court decisions, and the 2024 Edition of the Fifth Circuit Pattern Jury Instructions, demonstrate that the prosecution does not have to prove that the defendant charged with this crime has specific knowledge of the law. Rather it is sufficient to prove the willfulness element by providing evidence the defendant acted with "purposeful, intentional conduct," "indifferen[ce] to the requirements of the law," "or merely a "*conscious, intentional, deliberate, voluntary decision*." (Emphasis added) See authority infra. "While cases support the notion that disregard of a known legal obligation is sufficient to establish a willful violation, they in no way stand for the proposition that it is required." *Bryan v. United States*, 534 U.S.184, 196-98 (1998 196–98.

"Willful[ness]," as used in Section 797, requires only that the defendant have acted with a culpable purpose—not awareness of the specific reason his conduct is prohibited. In violating Section 797, most defendants necessarily act with such a purpose by crossing into the United States in deliberate contravention of law. *Bryan v. United States*, 191-93. Purposefulness and circumstantial willfulness may also be shown by the fact that entry into the United States without inspection also fits within the phrase "any purpose prohibited by law."

"[F]ew areas of criminal law pose more difficulty than the proper definition of the *mens rea* required for any particular crime."[3] In *Ratzlaf v. United States*, 114 S. Ct. 655, 659 (1994), "the Supreme Court, quoting from *Spies v. United States*, 63 S. Ct. 364, 367 (1943), recognized that 'willful is a word of many meanings, and its construction is often influenced by its context." *See also United States v. Arditti*, 955 F.2d 331, 340 (5th Cir. 1992) (stating that the meaning of "willfully" varies depending upon the context).

In *Bryan v. United States*, 534 U.S.184 (1998), the Supreme Court addressed whether the term "willfully," in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D), required "proof that the defendant knew that his or her conduct was unlawful, or whether it also requires proof that the defendant knew of the *specific federal licensing requirement*." (Emphasis added) At the time of the *Bryan* opinion, the Supreme Court acknowledged that there were only two contexts in which the charged *mens re* of willfulness imposed the high standard requiring proof that the defendant was aware of the *specific provision* of the offense that he was charged with violating. *Id.* at 194. The *Bryan* Court cited *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991),[4] where the violation was of a complex a tax law and *Ratzlaf v. U.S.,* 510 U.S. 135 (1994) requiring, for a conviction proof that the defendant knew that structuring of cash transactions to avoid a reporting requirement was unlawful.

---

[3] Fifth Circuit pattern Jury Instructions, 1.43 (2024) (page 68).

[4] The Supreme Court Stated in *Cheek v. United States,* 498 U.S. 192, 199–200, 111 S.Ct. 604, 609–610, 112 L.Ed.2d 617 (1991):

"The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses. Thus, the Court almost 60 years ago interpreted the statutory term 'willfully' as used in the federal criminal tax statutes as carving out an exception to the traditional rule [that every person is presumed to know the law]. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws."

In *Cheek v. United States,* 498 U.S. 192, the Supreme Court defined "willful" solely for prosecutions under the Internal Revenue Code. Because of the complexity of the tax laws, "willful" criminal tax offenses are treated as an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution."

The *Bryan* opinion involved a violation of federal firearms laws, 18 USC Sections 922(a)(1)(A) and 924 (a)(1)(D). In distinguishing the factual requirements necessary to prove the willfulness *mens r*e in "the highly technical" statutes as the tax law violation and the structuring of cash transactions, from the firearms allegations before the Court, the Supreme Court averred that, that these statutes "carv[e] out an exception to the traditional rule" that ignorance of the law is no excuse and require that the defendant have knowledge of the law.

The Defendant/Petitioner in *Bryan* argued that "the "willfulness" requirements in other subsections of the ["firearms"] statute had "uniformly been interpreted by lower courts to require knowledge of the law." The Supreme court disagreed: "As an initial matter, the lower courts had come to no such agreement. While some courts had stated that willfulness in § 923(d)(1) is satisfied by a disregard of a known legal obligation, willful was also interpreted variously to refer to "purposeful, intentional conduct," "indifferen[ce] to the requirements of the law," "or merely a "*conscious, intentional, deliberate, voluntary decision*." (Emphasis added) while cases support the notion that disregard of a known legal obligation is sufficient to establish a willful violation, they in no way stand for the proposition that it is required. *Bryan,* 196–98.

The Fifth Circuit pattern Jury Instructions, 1.43 (2024) (page 70), conclude its explanations of "willfulness," by noting, "[t]he definition of 'willful' in the criminal context remains unclear despite numerous opinions addressing this issue."

"'Willfully,' as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." *See Ratzlaf*, 114 S. Ct. at 657; *United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001). *Id*.

However, as the Supreme Court noted in *Ratzlaf v. United States*, 114 S. Ct. 655, 659 (1994), "willful is a word of many meanings, and its construction is often influenced by its context." (quoting from *Spies v. United States*, 63 S. Ct. 364, 367 (1943).

Notably, in a Fifth Circuit opinion arising from a Western District of Texas, El Paso Division conviction, *United States v. Arditti*, 955 F.2d 331, 340 (5th Cir. 1992) the court affirmed the jury's decision, noting that the meaning of "willfully" varies depending upon the context. *See also*, *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988), where the Supreme Court stated:  the word willfully is considered synonymous with such words as "voluntary," "deliberate," and "intentional." "[T]he word 'willful' is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to *conduct that is not merely negligent*." (Emphasis added) *McLaughlin* at 133.

    Respectfully Submitted,

    JUSTIN R. SIMMONS
    UNITED STATES ATTORNEY

By:   */s/*&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;
       Adam Hines
       Texas Bar 24110004
       Assistant U.S. Attorney
       700 E. San Antonio, Suite 200
       El Paso, Texas 79901
       (915) 534-6884

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 11, 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. A true copy of this sealed document will be provided to Defendant's Attorneys.

                                                  /s/
                                                  Adam Hines
                                                  Assistant U.S. Attorney