UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | EP-25-MJ-02290-MAT |
| § | |
| NARALI AREVALO-CASAY § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 27, 2025, the Court held a bench trial on Count I, violation of 8 U.S.C. § 1325(a)(1), and Count III, violation of 18 U.S.C. § 1382, in the Misdemeanor Information filed on May 19, 2025, ECF No. 7, in the above-captioned case. Defendant Narali Arevalo-Casay ("Defendant") was present and represented by counsel. Neither of these counts qualified for a jury trial as they are petty offenses.

After hearing the evidence on Counts I and III, the Court has determined that Defendant is guilty beyond a reasonable doubt of violating 8 U.S.C. § 1325(a)(l) and not guilty of violating 18 U.S.C. § 1382. In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law with respect to Defendant.

### PROCEDURAL BACKGROUND

On May 19, 2025, formal charges were filed against Defendant in the form of a Criminal Misdemeanor Information. *See* Misdemeanor Information, ECF No. 7. Defendant was charged with three counts and was accused of: Count I, violating 8 U.S.C. § 1325(a)(l); Count II, violating 50 U.S.C. § 797; and Count III, violating 18 U.S.C. § 1382. *Id.* 1-2. Defendant was tried and convicted by a jury on Count II, violating 50 U.S.C. § 797. *See* Criminal J. 1, ECF No. 41.

Count I of the Misdemeanor Information, the violation of 8 U.S.C. § 1325(a)(l), accused

1

Defendant on or about May 7, 2025, of being an alien to the United States and "knowingly and unlawfully enter[ing] and attempt[ing] to enter the United States, at a time and place other than designated by immigration officials of the United States for the entrance of immigrants into the United States…." Misdemeanor Information 1.

Count III of the Misdemeanor Information, the violation of 18 U.S.C. § 1382, accused Defendant on or about May 7, 2025, of:

> enter[ing] any military reservation, post, fort, arsenal, station, and installation, specifically, the National Defense Area created by lawful authority on April 30, 2025, by the Senior Commander, U.S. Army Ft. Bliss, establishing a National Defense Area, and declaring the lands to be a Restricted Area of the Department of the Army comprising approximately 2,000 acres of land located along the southern border of the United States, and said entry was for any purpose prohibited by law or lawful regulation, specifically, Title 8 U.S.C. Section 1325(a)(l)….

*Id.* 2.

The Court took judicial notice of the testimony and evidence presented during the jury trial on Count II. No further testimony or evidence was offered by the parties.

## FINDINGS OF FACT

Based upon witness testimony and arguments from both parties, the Court makes the following findings of fact as to Count I, violating 8 U.S.C. § 1325(a)(l):

1) On or about May 7, 2025, the Defendant, an alien to the United States and a citizen and native of Cuba[1] entered the United States from the Republic of Mexico approximately .083 miles west of the Paso Del Norte Port of Entry, in El Paso, Texas, which is within the

---

[1] The Criminal Complaint states that Defendant is a citizen of Mexico (Criminal Compl. 2, ECF No. 1), but Defendant testified during the trial that she is a citizen of Cuba. While this was a clear mistake in the drafting of the Complaint, it does not go to an element of 8 U.S.C. § 1325, which only requires that alienage to the United States be proven. It is the Court's finding that Defendant is a citizen of Cuba.

2

Western District of Texas.

2) Defendant did so by crossing the Rio Grande River into the United States, which is the international boundary between the United States and the Republic of Mexico.

3) The place where Defendant entered the United States is not designated as a port of entry by immigration officers.

Next, based upon witness testimony and arguments from both parties, the Court makes the following findings of fact as to Count III, violating 18 U.S.C. § 1382:

1) On or about May 7, 2025, Defendant entered the Texas National Defense Area ("NDA"), which is a military reservation and a restricted area under the administrative control of the U.S. Department of the Army.

2) Defendant entered the NDA approximately .083 miles west of the Paso Del Norte Port of Entry in El Paso, Texas, in the Western District of Texas.

3) The testimony from U.S. Border Patrol Agent Luis Rodriguez ("Agent Rodriguez") and U.S. Border Patrol Agent Richard Weidemann ("Agent Weidemann") indicated that Defendant was found just past the K2 fence beyond the Rio Grande River and the NDA, going further into the United States and further away from the border.

4) Defendant's testimony indicated she crossed through the NDA. She testified that she saw no military vehicles or soldiers at the time. Defendant further testified she saw no signs announcing the NDA.

5) Defendant testified to crossing over concertina wire. The Court notes there was no testimony from any witness as to whether the concertina wire was in place before the NDA designation.

6)    Defendant testified she was not aware she was crossing into a military property.

7)    There was no direct evidence from either of the Government's witnesses that indicated that Defendant gave a statement or otherwise indicated to law enforcement her awareness that she was entering a military property.

8)    During part of Agent Weidemann's Body Camera video, an agent is heard stating that a military armored personnel Stryker vehicle is in the National Defense Area, though none is visible in the video. The agent's comment was made at the time of Defendant's apprehension in the early morning hours. Gov.'s Ex. 1, at 2:34–2:38.

## CONCLUSIONS OF LAW

The Misdemeanor Information charges Defendant with Count I, violating 8 U.S.C. § 1325(a)(l), which makes it a crime to cross or attempt to cross the border into the United States at a time and place other than designated by immigration officials for the entrance of immigrants into the United States. The Misdemeanor Information also charges Defendant with Count III, violating 18 U.S.C. § 1382, which makes it a crime to enter the National Defense Area which is comprised of approximately 2,000 acres of land along the southern border of the United States if such entry was for any unlawful purpose.

For the Court to find Defendant guilty of Count I, violating 8 U.S.C. § 1325(a)(l), the Government must prove beyond a reasonable doubt:

1)    That Defendant is an alien to the United States; and

2)    That on or about May 7, 2025, in the Western District of Texas, Defendant entered the United States from the Republic of Mexico at a place not designated as a port of entry.

3)    The Court finds that the Government proved each of the above elements beyond a

reasonable doubt. As such, the Court finds Defendant guilty as to Count I, violating 8 U.S.C. § 1325(a)(l).

For the Court to find Defendant guilty of Count III, violation of 18 U.S.C. § 1382, the Government must prove beyond a reasonable doubt:

1)   That on or about May 7, 2025, in the Western District of Texas, Defendant entered the Texas NDA, which is a military reservation and a restricted area under the administrative control of the U.S. Department of the Army;

2)   That Defendant knew[2] she was entering a military reservation; and

3)   That Defendant entered the military reservation for the prohibited purpose of

---

[2] The Court notes that although 18 U.S.C. § 1382 does not have an explicit *mens rea*, Courts have read a "knowingly" *mens rea* requirement into the statute. Accordingly, 18 U.S.C. § 1382 is not a strict liability statute. *See United States v. Hall*, 742 F.2d 1153, 1154 (9th Cir. 1984) (holding that "going upon a military base *with knowledge* that such entry is unauthorized violates the statute" (emphasis added)); *United States v. Lopez-Gonzalez*, No. 25-MJ-1562 GBW, 2025 WL 1404848, at *6 (D.N.M. May 14, 2025) (noting that "Congress intended only to criminalize the 'going upon' in 18 U.S.C. § 1382 if it was done knowingly"); *United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985) (finding that the "purpose prohibited by law" requirement of 18 U.S.C. § 1382 is satisfied "if the defendant *knows* that his entry is unauthorized" (alteration in original)).

The longstanding jurisprudence regarding *mens rea* in statutes where it is not specifically mentioned is to presume a scienter requirement. *See Rehaif v. United States*, 588 U.S. 225, 229 (2019) ("We apply the presumption of scienter even when Congress does not specify any scienter in the statutory text."); *Staples v. United States*, 511 U.S. 600, 605 (1994) ("[T]he existence of a *mens rea* is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.") (citing *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 436 (1978)); *Morissette v. United States*, 342 U.S. 246, 250 (1952) ("The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil."). The reason for this presumption in favor of a scienter element is to avoid ensnaring innocent actors with criminal liability. *See Staples*, 511 U.S. at 610 (describing the Supreme Court's "particular care…to avoid construing a statute to dispense with *mens rea* where doing so would 'criminalize a broad range of apparently innocent conduct'") (citing *Liparota v. United States*, 471 U.S. 419, 426 (1985)); *Rehaif*, 588 U.S. at 231 (explaining that the purpose of a scienter requirement is to "'separate those who understand the wrongful nature of their act from those who do not.'") (citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.3 (1994)).

5

effecting an unauthorized entry on the reservation.[3]

4) The Court finds that the Government did not prove each of the above elements beyond a reasonable doubt. Specifically, the Court finds that the Government did not prove beyond a reasonable doubt that Defendant knew she was entering a military reservation. As such, the Court finds Defendant not guilty as to Count III, violating 18 U.S.C. § 1382.

## CONCLUSION

Accordingly, the Court hereby **FINDS** Defendant Narali Arevalo-Casay **GUILTY BEYOND A REASONABLE DOUBT** of Count 1, violating 8 U.S.C. § 1325(a)(l), and **NOT GUILTY** of Count III, violating 18 U.S.C. § 1382, as charged in the Misdemeanor Information in this cause.

Accordingly, the Court **ORDERS** that Defendant is sentenced to the custody of the U.S. Bureau of Prisons to serve a sentence of **TIME SERVED** as to Counts I and II of the Misdemeanor Information.[4]

**SIGNED** and **ENTERED** this 11th day of July 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court notes the Government's contention that the "purpose prohibited by law" element of 18 U.S.C. § 1382 is satisfied by Defendant's unauthorized entry in the United States pursuant to 8 U.S.C. § 1325(a)(1). *See* Misdemeanor Information 2. However, the Court finds that the "prohibited purpose" element is satisfied when defendant knowingly enacts an unauthorized entry on a military reservation. *See United States v. Parrilla Bonilla*, 648 F.2d 1373, 1377 (1st Cir. 1981) ("[W]hen a section 1382 prosecution proceeds on the basis that the defendant has entered a restricted military reservation 'for the purpose of' unauthorized entry, we think it must be shown that the defendant had knowledge or notice that such entry was, in fact, prohibited."); *Cottier*, 759 F.2d at 762 (finding that the "purpose prohibited by law" element is satisfied "if [Defendant] *knew* his entry was unauthorized" on a military installation (alteration in original)); *Hall*, 742 F.2d at 1155 (holding that the "purpose prohibited by law" element is met when defendant "had notice that unauthorized entry was prohibited" on a military reservation).

[4] As previously noted, a jury found Defendant guilty of Count II, violating 50 U.S.C. § 797. Criminal J. 1.